*222 OPINION of the Court, by
Ch. J. Boyle
This ’s a error to 3 judgment for the plaintiff in an action of debt on a note not under seal, which is alleged be lost, without averring the consideration upon *223 which it is founded 5 and the only question is whether the action is maintainable or not Í
jn he muft set ^rt'1 C0P--thJwife ’ ché count is bad.
n0t' n't debt under the *atut® > but ueor¡gínal contract as at common law.
There is no doubt that the payee of a note for money .might at common law bring either an action of debt or assumpsit, and declare upon the original contract, of ^vhich the note might be used as evidence ; and in such case, the note being only matter of evidence, its loss or destruction could not affect the form of action or the averments which it was necessary for the plaintiff to make in his declaration. The action, therefore, upon the original contract might be maintained notwithstand-ingthe loss or destruction of the note : for in that event other evidence of its contents would be admissible,
But by the cornffion law no action could be maintain-éd upon the note, without alleging the contract or consideration upon which it was founded ; and as there is in this case no such allegation, it is clear the action is not sustainable upon principles of common Jaw>
But by an act of the Virginia assembly of 1748,(a) the payee of a note for money or tobacco, is authorised to bring an action of debt upon such a note. This provision has been construed to dispense with the necessity averring a consideration in such a case ; and the note constituting the basis or substratum of the action, has by the uniform practice under the law been treated in this respect as a specialty, by making profert and demanding oyer of it in the pleadings of the parties. Every reason, therefore, which renders it improper to maintain an action at law upon a lost bond, applies vfith the same force to the maintenance of an action at law under the act of assembly upon a lost note. As long as the note exists the action may be founded upon it; but it Would be a solecism in language to say that an action may be brought tipon that which no longer exists. The action cannot, therefore, be maintained in the present form of declaring.
The act of assembly before alluded to ddes not, however, preclude the party from declaring upon the original contract as at common law ; and as the writ is one ■which would be good in such a mode of declaring, the plaintiff, we think, ought to have leave to amend his declaration, and proceed, if he choeses to do so, upon the original contract.
*224 Judgment reversed with costs, and cause remanded for proceedings to be had not inconsistent with the foregoing opinion.

 Old body of Virginia laws, ch 27, sec. 5, p. 249.